**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-50903
Summary Calendar
_____

ESTELA ORTEGA and EDNA GASTELUM,

Plaintiffs-Appellants,

VERSUS

GTE CORPORATION, GTE MOBILNET OF THE SOUTHWEST,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
(EP-97-CV-27)
_____
August 14, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM[*]:

Appellants Estela Ortega and Edna Gastelum appeal from the order of the district court granting Appellee GTE Corporation summary judgment on all claims of discrimination and retaliation under Title VII and the Age Discrimination in Employment Act ("ADEA"). Upon review of the record and arguments of the parties, we conclude that the judgment of the district court should be

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmed.

BACKGROUND

Estela Ortega is an Hispanic female over the age of forty. Ortega was hired by GTE on August 21, 1987, as an Administrative Assistant, and has held various clerical and indirect sales positions during her tenure with GTE. She was promoted to Agent Support Representative in 1989 and was promoted to Account Manager in 1991.

Ortega applied for the position of Sales Support Manager in July of 1994 and was not selected for the position. In August 1996, Ortega applied for the position of Service Manager and was not selected for the position. Ortega alleged that from January to October 1996 her job title was changed, she was excluded from the Churn Task Force, given the lowest pay raise in nine years, not given a company car, excluded from agent dinner meetings, had her assistant removed from her supervision, and was not promoted to Service Manager.

After filing two complaints with the Equal Employment Opportunity Commission ("EEOC"), Ortega filed the instant lawsuit alleging age discrimination under the ADEA, and gender, national origin, pattern and practice of discrimination, and retaliation under Title VII.

Edna Gastelum is an Hispanic female. Gastelum alleges that between July and October 1994, she was not selected for five positions she applied for. She further alleges that in the spring and summer of 1995, she was not selected for two positions she

2

applied for.  Gastelum also alleges that she suffered retaliation for having filed an EEOC complaint and that there exists a pattern and practice of discrimination at GTE against Hispanics.

After filing two complaints with the EEOC, Gastelum filed suit under Title VII alleging discrimination on the basis of gender and national origin, a pattern and practice of discrimination against Hispanics, and retaliation.

GTE moved for summary judgment on all of appellants' claims. The district court granted GTE's motion.  Ortega and Gastelum timely appeal.

ANALYSIS

I.    Pattern and Practice of Discrimination

GTE argued that the appellants' pattern and practice claims could not be maintained because both Ortega and Gastelum failed to allege a pattern and practice of discrimination in their charges of discrimination to the EEOC.  The district court found that Ortega and Gastelum's claims to the EEOC were individualized and pertained to unique instances which were not reasonably capable of yielding allegations of pattern and practice discrimination.

We disagree.  This court held in *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447 (5th Cir. 1983), that a class cause of action under Title VII may be maintained despite the fact that the EEOC charge contains only complaints of individual discrimination.  In *Fellows*, the charge of discrimination alleged as follows:

> I believe that I have been discriminated against because of my sex, female, in that:

3

1. Phil Varacharo paid the male Wine Steward $40.00 to $50.00 per shift plus a percentage of 2% over $200.00 and I was paid only $3.10 per hour for performing the same duties.

2. I performed all of my duties in an outstanding manner, and the discharge by Phil Varacharo was not justified.

3. I was the only female employed in the position of Wine Stewardess, and I believe I was paid less and discharged because of my sex, female.

4. Phil Varacharo denied my application for positions as a Waitress, and Captain in Marios, Les Saisons, and the Old Warsaw Restaurant owned by the above named employer because of my sex, female.

701 F.2d at 448 n.1.

In *Fellows*, not only were the complaints in the charge of discrimination of an individual nature, but the EEOC confined its investigation solely to the claim of individual discrimination. Nonetheless, the court concluded that an EEOC investigation of class discrimination against women could reasonably be expected to grow out of Fellows' allegations in her initial EEOC charge; thus a class cause of action under Title VII was cognizable. In *Paige v. California*, 102 F.3d 1035 (9th Cir. 1996), the Ninth Circuit adopted the approach used in *Fellows*. The *Paige* court quoted *Fellows* in concluding that "given the liberal construction accorded EEOC charges, especially those by unlawyered complainants" the wording of the plaintiff's charges "could . . . be understood to complain of discriminatory employment treatment of all women applicants and employees . . . ." 102 F.3d at 1042 (quoting *Fellows*, 701 F.2d at 451).

Under the guiding principles of *Fellows*, Ortega and Gastelum's

4

charge of discrimination would allow a pattern or practice claim to be maintained. Thus, the omission of an express pattern or practice claim in the charge of discrimination is an insufficient basis to preclude such a claim in a Title VII complaint.

However, because the district court found in the alternative that Ortega and Gastelum failed to offer any evidence that GTE had a policy or standard operating procedure of discriminating, we affirm the ultimate conclusion that summary judgment was appropriate on the pattern and practice claim.

## II. Individual Claims of Discrimination and Retaliation

With respect to the individual claims of discrimination and retaliation, we affirm for the reasons assigned by the district court. *See* Memorandum Opinion and Order of August 28, 1997. However, one issue involving Ortega deserves further discussion.

In response to GTE's motion for summary judgment on Ortega's discrimination claims, Ortega submitted the affidavit of Greg Lambert. Ortega claimed that GTE discriminated against her in 1996 when she was not promoted to the position of Service Manager, and instead, Greg Lambert, a white male under forty years of age, received the promotion. GTE stated as a legitimate non-discriminatory reason that Greg Lambert was more qualified. Ortega argues that this reason is pretextual, and she submits Greg Lambert's affidavit in support. Lambert's affidavit states that during his employment he had the occasion to work with Ortega and that in 1996 they were in competition for Service Manager.

5

Lambert's affidavit further states:

> . . . I informed Ms. Ortega that if the Company (GTE)was basing its decision on qualifications alone, then Estela Ortega would have received the promotion. I was shocked that the Company failed to even give Ms. Ortega an interview.
>
> It is my belief that Estela Ortega was the most qualified candidate for the position of Service Manager. It is my belief that the Company should have given her an interview and that she should have been given the promotion to Service Manager . . . .

Affidavit of Greg Lambert (R. Vol. 2, pgs. 286-87). Ortega maintains that, in light of Lambert's affidavit, at least a factual dispute regarding pretext exists which precludes summary judgment for GTE.

It appears that Lambert's opinion, if admitted at trial, would have a great impact on a jury deciding this case. However, it is insufficient to get the case to a jury because Lambert was not a decision maker in the process of deciding who would get the promotion to Service Manager. At this stage, we are concerned with whether a fact dispute exists as to GTE's stated reason for promoting Lambert over Ortega--that he was more qualified. Whether Lambert disagrees that he was more qualified is of no more value to this analysis than the opinion of any other employee of GTE who had no input or authority to decide which person should be given the promotion. To state it another way, Lambert's affidavit is not competent summary judgment evidence because it merely states his opinion in a conclusory fashion, and at this stage, his opinion has no weight. *See Grimes v. Texas Dep't of Mental Health*, 102 F.3d 137, 140 (5th Cir. 1996) (stating that summary judgment is

6

appropriate if the nonmoving party rests upon conclusory allegations). Even if such evidence would be relevant at trial, it is not relevant at the summary judgment stage.

We are careful to note, however, that had Lambert been a decision maker in the promotion process, then his opinion that Ortega was more qualified would indeed be competent summary judgment evidence. Also, had Lambert's affidavit stated the factual basis for his ultimate conclusion that Ortega was more qualified, we might have a different result. For example, if Lambert's affidavit outlined his qualifications compared to Ortega's qualifications, and further explained that he was qualified to render an opinion because he had served in the position for a certain period of time and knew what the job entailed, then a fact dispute on pretext might exist. But as we have stated previously, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

AFFIRMED.

7